## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA　　　　:

　　　v.　　　　　　　　　　　　　　:　　　　1:24-CR-230-01

AARON L. PITTS, JR.,　　　　　　:　　　(JUDGE MANNION)

　　　　　　Defendant　:

### MEMORANDUM

Presently before the court is the defendant's motion to reveal the identity of the confidential informant. (Doc. 127). Upon review, the defendant's motion will be **DENIED**.

On August 28, 2024, an indictment was filed charging the defendant with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §846 (Count 1); distribution of 50 grams or more of methamphetamine in violation of 21 U.S.C. §841(a) (Counts 2-5 and 7); and possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §841(a) (Count 6). In his motion, the defendant argues that all counts of the indictment are based upon sales to a confidential informant and/or are based around information provided by a confidential informant to law enforcement. As argued by the defendant, the government should be compelled to disclose the name of the confidential informant because it

1

is believed that any information obtained from the informant would be exculpatory and necessary to a fair determination of the defendant's guilt or innocence at trial. The defendant argues that, for each count of the indictment, the confidential informant played an active and crucial role in the events and was the sole witness to the transactions alleged in the indictment.

With respect to the defendant's motion, "[c]ourts have long recognized the government's right to withhold the identity of informants from defendants." *United States v. Gayle*, 400 F. App'x 689, 691 (3d Cir. 2010) (citing *Roviaro v. United States*, 353 U.S. 53, 77 (1957); *see also McCray v. State of Illinois*, 386 U.S. 300, 309 (1967)). The privilege is qualified, however, and it must give way if the informant's identity is "relevant and helpful to the defense of the accused, or is essential to a fair determination of a cause." *Roviaro*, 353 U.S. at 61. The defendant bears the burden of showing a specific need for disclosure. *United States v. Jiles*, 658 F.2d 194, 197 (3d Cir. 1981). "[M]ere speculation as to the usefulness of the informant's testimony to the defendant is insufficient to justify disclosure of his identify." *United States v. Bazzano*, 712 F.2d 826, 839 (3d Cir. 1983); *see Jiles*, 658 F.2d at 197.

There is no fixed rule for when disclosure is necessary, and if the defendant sets forth a specific need for disclosure of an informant's identity, the court must balance the public interest in protecting the flow of information against the defendant's right to prepare his defense. *Jiles*, 658 F.2d at 196; *Roviaro*, 353 U.S. at 62. In balancing these interests, the court considers the offense charged and possible defenses, the potential significance of the informant's testimony and whether it is highly relevant, whether the testimony will disclose evidence of entrapment or raise doubts regarding the defendant's identity, and whether the informant was the sole participant other than the accused in the crime charged. *See Jiles*, 658 F.2d at 197-99. District courts have "substantial leeway" to "determine on a case-by-case basis" whether disclosure is appropriate. *United States v. Brown*, 3 F.3d 673, 679 (3d Cir. 1993); *see United States v. Goode*, 486 Fed. App'x 261, 264 (3d Cir. 2012).

In considering the pending motion, the defendant bears the burden of showing a specific need for the disclosure of the identity of the confidential informant. *Jiles*, 658 F.2d at 197. The defendant has made no such showing here. The fact that the defendant "believe[s] that any information obtained from the informant would be exculpatory and necessary to a fair determination of the defendant's guilt or innocence at trial" is speculative.

3

Speculation is insufficient to meet his burden for disclosure. *See United States v. Rivera*, 524 F. App'x 821, 827 (3d Cir. 2013).

Moreover, to the extent that the defendant argues that the confidential informant played an active and crucial role in the events and was the sole witness to the transactions alleged in the indictment, the government's materials provide that there are two substantive charges, Count 2 which occurred on November 21, 2023, and Count 3 which occurred on November 30, 2023, wherein the confidential informant was not the sole witness to the events and the confidential informant's testimony is not the only evidence supporting the defendant's participation in the transactions. For the two transactions which occurred on December 7, 2023, in Counts 4 and 5, the government's materials provide that there is extraneous evidence tying the defendant to the events, including but not limited to the telephone number tied to the defendant through various sources, as well as police audio recordings between the defendant and the confidential informant.[1] The same is true of the transaction which occurred on January 4, 2024, in Count 6. With respect to the transaction on February 20, 2024, in Count 7, there is video surveillance, as well as a telephone which was retrieved

---

[1] The government provides that the audio records have been and will continue to be made available to the defendant's attorney for review.

subsequent to the defendant's arrest containing the same phone number used in the transaction.

The government argues that the defense has not identified any legitimate purpose for disclosing the confidential informant's identity. However, given the evidence, as well as the defendant's lengthy criminal history, the government argues that any claim that the information is needed in relation to an identity or entrapment defense is unavailing. The court agrees. Accordingly, the court finds that the government is not required to disclose the informant's identity. An appropriate order shall issue.

MALACHY E. MANNION
United States District Judge

Dated: 3/13/26
24-230-01